UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>) Civil Action No. _____<br>v. )<br>)<br>BIM INVESTMENT CORPORATION, )<br>SHAFFER REALTY NOMINEE TRUST, )<br>TYCO HEALTHCARE GROUP LP, and )<br>W.R. GRACE & CO.-CONN., )<br>)<br>Defendants. )<br>_____) | |

COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

NATURE OF THE ACTION

1. This is a civil action for injunctive relief and recovery of costs under Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9606 and 9607. The United States seeks injunctive relief in order to remedy conditions in connection with the release or threatened release of hazardous substances into the environment at or from the Blackburn and Union Privileges Superfund Site in Walpole, Norfolk County, Massachusetts (the "Site"). The United States also seeks recovery of costs incurred, and a declaratory judgment of liability for costs that will be incurred, for response activities undertaken at the Site.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action, and the Defendants, pursuant to Sections 106(a), 107(a), and 113(b) of CERCLA, 42 U.S.C. §§ 9606(a), 9607(a), and 9613(b), and under 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this District under Sections 106(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9606(a) and 9613(b), and 28 U.S.C. § 1391(b), because the claims arose, and the threatened and/or actual releases of hazardous substances occurred, within this judicial district.

## DEFENDANTS

4. Defendant W.R. Grace & Co.-Conn. ("Grace"), a Connecticut corporation, is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21). Grace is a successor to the liabilities of the Multibestos Company, which owned and operated part of the Site at the time of disposal of hazardous substances within the meaning of Sections 101(20) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(20) and 9607(a)(2). On April 2, 2001, Grace filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"), In re W.R. Grace & Co., et al., No. 01-01139 (JKF).

5. Defendant Tyco Healthcare Group LP ("Tyco Healthcare"), a Delaware partnership, is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21). Tyco Healthcare is a successor to the liabilities of The Kendall Company, which owned and operated part of the Site at the time of disposal of hazardous substances within the meaning of Sections 101(20) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(20) and 9607(a)(2).

6. Defendant Shaffer Realty Nominee Trust ("Shaffer Trust"), a Massachusetts trust, is an "owner" of the Site within the meaning of Sections 101(20) and 107(a)(1) of CERCLA, 42

U.S.C. §§ 9601(20) and 9607(a)(1).

7.  Defendant BIM Investment Corporation ("BIM"), a Massachusetts corporation, is an "owner" of the Site within the meaning of Sections 101(20) and 107(a)(1) of CERCLA, 42 U.S.C. §§ 9601(20) and 9607(a)(1).

## GENERAL ALLEGATIONS

8.  The Site comprises approximately 22 acres in Walpole, Norfolk County, Massachusetts. The Site encompasses the areal extent of contamination resulting from the operations of industrial facilities formerly located on both the east and west side of South Street.

9.  The Multibestos Company owned a portion of the Site from approximately 1915 to 1935.

10. From approximately 1915 to 1935, the Multibestos Company used a portion of the Site for the manufacture of asbestos clutch and brake linings. Multibestos disposed of raw asbestos waste, asbestos dust, and off-specification or otherwise unsold finished products containing asbestos at the Site.

11. The Kendall Company owned a portion of the Site from approximately 1937 to 1985.

12. From approximately 1946 to 1983, The Kendall Company used a portion of the Site for a cotton bleaching and mercerizing operation. Caustic solution from the cotton mercerizing process was piped to an unlined settling lagoon and then discharged into a municipal sewer line that ran through the Site.

13. In 1985, a private contractor identified volatile organic compounds in soil and groundwater sampled at the Site. Tests also revealed surface water with an alkaline condition and elevated levels of conductivity.

14. On May 31, 1994, EPA placed the Site on the National Priorities List, set forth at 40 C.F.R. Part 300, Appendix B, by publication in the Federal Register. 59 Fed. Reg. 27,989, 27,993.

15. On September 30, 2008, EPA issued a Record of Decision ("ROD") setting forth the remedial action to be implemented at the Site. The ROD calls for (1) excavation and dredging of contaminated soil and sediment; (2) extraction and treatment of contaminated groundwater posing a risk to surface waters; (3) institutional controls to limit exposure to contamination; and (4) long-term monitoring of soil, sediment, and groundwater.

16. The ROD is consistent with CERCLA and the National Contingency Plan, 40 C.F.R. Part 300.

17. Antimony, arsenic, asbestos, benzene, benzo(b)fluoranthene, benzo(a)anthracene, benzo[a]pyrene, bis(2-ethylhexyl)phthalate, dibenzo(a,h)anthracene, ethylbenzene, indeno(1,2,3-cd)pyrene, lead, manganese, methylene chloride, naphthalene, nickel, vanadium, and zinc are hazardous substances as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), and 40 C.F.R. § 302.4, App. A.

18. Each hazardous substance listed in Paragraph 17 has come to be located at the Site.

19. There have been "releases," or a threatened "release," of hazardous substances within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), into the environment at or from the Site.

20. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

21. EPA has incurred costs of removal and/or remedial actions within the meaning of

Section 101(23), (24), and (25) of CERCLA, 42 U.S.C. § 9601(23), (24), and (25), not inconsistent with the National Contingency Plan, to respond to the release or threatened release of hazardous substances at or from the Site.

22. EPA will continue to incur response costs of removal and/or remedial actions within the meaning of Section 101(23), (24), and (25) of CERCLA, 42 U.S.C. § 9601(23), (24), and (25), to respond to the release or threatened release of hazardous substances at or from the Site.

Relationship to Grace's Chapter 11 Filing

23. Section 362(a)(1) of Title 11 of the United States Code provides that the filing of a petition in bankruptcy operates as a stay of:

> (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362(a)(1).

24. Section 362(b)(4) of the Bankruptcy Code specifies that the automatic stay does not apply to the "commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment . . . ." 11 U.S.C. § 362(b)(4).

25. The United States, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), has the statutory power to bring suit in federal court to recover response costs incurred by the United States in connection with the Site. The United States' enforcement of environmental laws enacted to protect public health and safety is a classic exercise of police and regulatory authority. Any judgment against Grace for response costs in this action will be collected through

the Bankruptcy Court so long as the bankruptcy action is still pending.

FIRST CLAIM FOR RELIEF

26. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

27. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

(1) the owner and operator of a vessel or a facility,

(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of . . .

shall be liable for –

(A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan . . . .

28. Pursuant to Section 107(a)(1) and (2) of CERCLA, 42 U.S.C. § 9607(a)(1) and (2), Defendants are jointly and severally liable to the United States for all response costs, including the costs of removal and/or remedial actions, incurred by the United States in connection with the Site, plus accrued interest on the costs.

29. Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides in pertinent part that in any action for recovery of costs, "the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages."

30. The United States is entitled to a declaratory judgment on liability against Defendants, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that will be binding in any subsequent action to recover further response costs incurred by the United States in connection with the Site.

## SECOND CLAIM FOR RELIEF

31.     Paragraphs 1 through 25 are realleged and incorporated herein by reference.

32.     Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides in pertinent part:

> In addition to any other action taken by a State or local government, when the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may require the Attorney General of the United States to secure such relief as may be necessary to abate such danger or threat, and the district court of the United States in the district in which the threat occurs shall have jurisdiction to grant such relief as the public interest and the equities of the case may require.

33.     By Executive Order 12,580, issued January 23, 1987, the President's functions under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), have been delegated to the Administrator of EPA.

34.     EPA has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of actual or threatened releases of hazardous substances from the Site.

35.     Defendants Tyco Healthcare, Shaffer Trust, and BIM are jointly and severally liable for the injunctive relief at the Site to which the United States is entitled under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court:

1.     Order Defendants Tyco Healthcare, Shaffer Trust, and BIM to abate the threat posed by the release or threatened release of hazardous substances at or from the Site by performing the remedy selected by EPA in the ROD;

2. Award the United States a judgment against Defendants Tyco Healthcare, Shaffer Trust, and BIM for all response costs incurred by the United States in connection with the Site, plus accrued interest on the costs;

3. Award the United States a judgment fixing the amount of response costs incurred by the United States in connection with the Site for which Defendant Grace is liable;

4. Award the United States a declaratory judgment of Defendants' liability, which will be binding on any subsequent action against Defendants seeking to recover further response costs incurred by the United States in connection with the Site; and

5. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Robert G. Dreher
ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

/s/ Mark Sabath
MARK SABATH
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Phone: (202) 514-1196
E-mail: mark.sabath@usdoj.gov

        CARMEN M. ORTIZ
United States Attorney
District of Massachusetts

GEORGE B. HENDERSON, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
Phone:  (617) 748-3272
E-mail:  george.henderson2@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

OF COUNSEL:

PETER DECAMBRE
Senior Enforcement Counsel
U.S. Environmental Protection Agency
5 Post Office Square, Suite 100
Mail Code OES04-4
Boston MA 02109

DATE:  July 28, 2010